## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO.: |
| v. | : : | |
| CARMEN M. SANDERS and A.B.S., a Minor, | : : : | |
| Defendants. | : | |

## COMPLAINT FOR INTERPLEADER

Pursuant to Rule 22 of the Federal Rules of Civil Procedure, Plaintiff-in-Interpleader Metropolitan Life Insurance Company ("MetLife") hereby files its Complaint for Interpleader and alleges as follows:

### THE PARTIES

1.    MetLife is, and at all relevant times was, an insurance company organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.  MetLife is qualified and authorized to transact business in the State of Delaware.

2.    MetLife is informed and believes, and on that basis alleges, that Defendant-in-Interpleader Carmen M. Sanders is, and at all relevant times was, a citizen of Delaware residing in Dover, Delaware.

3.    MetLife is informed and believes, and on that basis alleges, that Defendant-in-Interpleader A.B.S., a minor child, is, and at all relevant times was, a citizen of Delaware residing in Townsend, Delaware with her mother, Lori L. Shahan.

4.      Defendants-in-Interpleader Carmen Sanders and A.B.S. are collectively referred to herein as "Defendants" or "Claimants."

## JURISDICTION AND VENUE

5.      This federal interpleader case involves a dispute over benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 et seq. ("ERISA").

6.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331, Federal Rule of Civil Procedure 22, and ERISA Section 502(e)(1) & (f), 29 U.S.C. § 1132(e)(1) & (f).

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) and ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2), in that both of the Defendants are residents of the State of Delaware and this District is a judicial district in which at least one of the Defendants resides.  This venue is also proper pursuant to 28 U.S.C. § 1391(a)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FIRST CAUSE OF ACTION FOR INTERPLEADER

8.      MetLife issued group policy of life insurance no. 15500 (the "Policy") to General Motors ("GM"), the former employer of Edward G. Drake, Sr. ("Decedent").  The Policy funded the life insurance benefits of the GM Life and Disability Benefits Program (the "Plan").  Decedent was at one time an employee of GM and a participant of the Plan.

9.      MetLife is the claims administrator for the Plan.

10.     Under the terms of the Plan, Decedent was entitled to death benefits in the amount of $15,750, provided all conditions to coverage were met.

11.    Pursuant to the terms of the Plan, life insurance benefits are payable to the last beneficiary (or beneficiaries) designated by the Decedent on forms provided by GM, provided the beneficiary (or beneficiaries) is alive at the time of Decedent's death.

12.    MetLife is informed and believes, and on that basis alleges, that several beneficiary designations forms were submitted to the Plan on behalf of Decedent during his lifetime, which the Plan has on file.

13.    The latest beneficiary designation on file with the Plan on behalf of Decedent, dated October 3, 2003, names Carmen M. Sanders as the primary beneficiary.

14.    The October 3, 2003 beneficiary designation identifies the relationship of Carmen Sanders to Decedent as his girlfriend.

15.    The next prior beneficiary designation on file with the Plan on behalf of Decedent, dated March 11, 2001, names A.B.S. as the primary beneficiary, and Lori L. Shahan as the contingent beneficiary.

16.    The March 11, 2001 beneficiary designation identifies the relationship of A.B.S. to Decedent as his granddaughter, and the relationship of Lori Shahan to Decedent as his daughter-in-law.

17.    MetLife is informed and believes, and on that basis alleges, that Decedent died on January 8, 2005.

18.    Subsequent to the death of Decedent, by letter dated November 21, 2005, Claimant A.B.S.'s mother, Lori Shahan, advised MetLife that she believed the latest beneficiary designation to be forged and not duly executed by Decedent, and that A.B.S. claimed an interest in the life insurance benefits payable under the Plan.

19.    Claimant Carmen Sanders also submitted a claim for the Plan benefits.

20.    The total amount of benefits payable under the Plan equals $15,750, which is the total amount of Plan benefits in dispute.

21.    By letter dated December 20, 2005, MetLife wrote to the Claimants advising them that there were competing interests in the Plan benefits, that MetLife could not resolve their dispute without exposing itself and the Plan to the danger of double liability, and that MetLife would file an interpleader action if the parties were not able to reach an agreement as to the disbursement of the Plan benefits.

22.    Lori Shahan has advised MetLife that neither she nor A.B.S. would agree that Carmen Sanders was entitled to any of the Plan benefits. Thus, there currently are competing claims in the Plan benefits at issue.

23.    MetLife cannot determine who is currently entitled to what, if any, portion of the Plan benefits in dispute. Thus, MetLife cannot distribute the funds in the accounts without fear of multiple liabilities until the above dispute is resolved through an adjudication of the competing claims to the Plan benefits.

24.    MetLife files this Complaint for Interpleader in good faith and without any collusion with any of the parties thereto. MetLife claims no interest in the sum of $15,750.00, plus applicable interest, if any. MetLife is a mere stakeholder.

25.    MetLife cannot determine which, if any, of the Defendants is entitled to what portion of the sums in dispute and cannot pay any part of the sums without danger of exposing itself and the Plan to multiple demands from the competing Claimants, in a total sum exceeding the amount owed under the Plan.

26.    MetLife has incurred and will continue to incur attorneys' fees and costs as a result of these proceedings.

WHEREFORE, MetLife respectfully requests that:

1.    Pursuant to Federal Rule of Civil Procedure 17(c), the Court appoint a guardian *ad litem* to adequately protect the interest of A.B.S. with regard to her potential rights to the Plan benefits;

2.    The Court enter judgment in favor of MetLife as follows:

a.    Restraining and enjoining Defendants from instituting or prosecuting any action against MetLife, GM, or the Plan in any State or United States court for the recovery of the amount of the Plan benefits or any part thereof;

b.    Requiring Defendants to answer this Complaint and litigate among themselves the claims for the benefits at issue herein;

c.    Discharging MetLife, GM, and the Plan from any further liability upon deposit of the aforementioned total benefits with this Court, or as otherwise directed by this Court;

d.    Awarding MetLife its costs and attorney's fees; and

e.    Awarding MetLife any other relief that this Court deems just and proper.

OF COUNSEL:
Kay Kyungsun Yu
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

M. Duncan Grant (Del. Bar No. 2994)
Phillip T. Mellet (Del. Bar No. 4741)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P. O. Box 1709
Wilmington, DE  19899-1709
(302) 777-6500

Dated:  June 12, 2006

Attorneys for Plaintiff Metropolitan
Life Insurance Company

℃JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Metropolitan Life Insurance Company

**DEFENDANTS**
Carmen M. Sanders, 515 N. East Ave.,
Dover, DE 19901 and
A.B.S. a Minor, 424 Dogtown Road

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant     Kent
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
M. Duncan Grant (No. 2994)
Phillip T. Mellet (No. 4741)
Pepper Hamilton LLP
1313 N. Market Street, P.O. Box 1709
Wilmington, DE 19899-1709, 302.777.6500

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane  PERSONAL INJURY | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product  ☐ 362 Personal Injury - | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability  Med. Malpractice | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &  ☐ 365 Personal Injury - | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander  Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'  ☐ 368 Asbestos Personal | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability  Injury Product | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine  Liability | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product  **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability  ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle  ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle  ☐ 380 Other Personal | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability  Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal  ☐ 385 Property Damage | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury  Product Liability | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**  **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting  ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment  Sentence | ☒ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/  Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations  ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare  ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -  ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment  ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities -  ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Section 1001, et seq. ("ERISA")
Brief description of cause:
Interpleader complaint over dispute related to payment of life insurance benefits

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $15,750.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____ DOCKET NUMBER _____

DATE  6/12/06
SIGNATURE OF ATTORNEY OF RECORD  Ph Mellu (#4741)

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

**VII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.